Voting versus Chu, Appeals 06-3432, Moody v. Merrick System Protection Board, and Appeals 06-5146, Snowton v. United States. On the argument list, we'll hear argument first in Appeal Number 06-1244, Designing Health v. Erasmus. Mr. Iren? Good morning. Good morning. Please proceed. Thank you very much. This is the court. I'm a planner for Designing Health. Your Honor and the court, upon review of the breach in the record of authorities, I find, and I must confess that I did not go to the opposing counsel. There was a particular case I found of some importance, I believe, in the last week or two, which I gave to opposing counsel this morning and discussed with him what I plan to tell you about it. The case is a January 23rd, 2006 Supreme Court case of Uniform Food System v. Swift. And with the court's permission, I'd like to hand you the copies of the record, if I might. I did not sign them. Thank you, Mr. Flanagan. Thank you very much, Your Honor. And as I said, I gave these copies to opposing counsel to explain what I plan to do. What was the date and again of the decision? It was January 23rd, 2006. So a year ago. It was a year ago. Well, why wasn't it in your brief? Precise question, it wasn't. Didn't see it. Didn't see it, didn't know of it. Because I didn't find it, it didn't come up. And when did you find it? I found it about a week ago. Well, there's a procedure for bringing later discovered authority to the attention of the counsel. It's provided for in the rules. Why didn't you follow that procedure? Because I didn't get into it. It led me to a variety of issues which I didn't really understand would be the precise issue that I really kind of evolved, evolved in. It is not evolved, it evolved. And in the evolution of reading it and rereading it and going back and rereading it, I then saw some things I hadn't saw before. All right, well, let's not tell you what's the heart of your case. Thank you. Certainly, Your Honor, we assert error on the lower part below. Time, there's a time running. Yes, oh, I'm sorry. Yeah, go ahead. In the entry of judgment, I believe it raises, and I now believe even more so, it raises Seventh Amendment issues. As to the entry of judgment, I believe that the court's discretionary analysis raises due process issues. So this is now a constitutional law case? Well, to some of those grounds relied on by the district judge? I think in part, I think I've come to believe that more. Is that your strongest argument, constitutional violations? I think, I don't know if it's the strongest argument. I don't think it's, when you say the strongest argument, I believe it implies those elements. And it implies those elements. Well, look, it's your choice what you want to make your principal argument. Can I focus you right back on this court's opinion written by our colleague here on the bench, Judge Schall? Yes. And it says on page 12 of the draft, we conclude that the evidence presented by you in support of the fraud damages is insufficient as a matter of law. Correct. So you didn't prove your damages. Doesn't that leave you in the precise situation that you were in? You had a chance to prove your damages, you failed to prove your damages. And therefore, even if there is liability, you have failed to meet your burden of proof on damages. And your case should be handled exactly as the district court did when I went back to it. Except I go to what Justice Ginsburg says that, of course, Queens Graham and Neely are path-breaking. And they're path-breaking, of course, because Rule 50B is a tension between that and the Seventh Amendment. It was path-breaking because under the Seventh Amendment, everyone thought you couldn't take a verdict away from a jury. And then they did on liability, they did on liability. And then it says the Court of Appeals may direct, Court of Appeals in its discretion can say, entry of judgment below, new trial. As a matter of law, our court just said you didn't prove your damages. Now, the reason I brought up this recent case, which I just handed you, was in that case, the Court of Appeals said, the Supreme Court said, of course, that if you don't make a 60B motion, you're not entitled to a JNOB. And it also says that if a 60B motion is broader than the 60A motion, you're not entitled to bring a 60B motion. And I went back, and yes, I found that the four parties' 60A motion did not raise the damages issue that they put in their 60B motion. I should have raised it before, maybe they should have raised it before. They had a 60B motion broader than their 60A motion, which this court then found insufficient damages. Maybe that's all weighed, maybe that's gone. That was what happened before. They didn't, the 60B motion the court ruled on was broader than the 60A motion, which the Supreme Court says- These are all very interesting procedural niceties. Right. We still have the problem that in this court's earlier ruling, you didn't prove your damages. As a matter of law, which takes it out of the jury purview and the Seventh Amendment issue and so forth, as a legal matter, you haven't proven your damages. So how does this panel, bound as it is by the earlier panel's judgment, have anything to do except to say to you, I'm sorry, you didn't prove your damages. This panel has in other cases in which there are split decisions where you uphold eight verdicts on liability by clear and convincing evidence as you fraud says, you didn't prove your damages. This panel has done that in numerous cases where you say you haven't proved your damages. And we remand for proof of damages. You didn't prove your damages, again. Did we say that? Did we say to remand and you can have another chance to prove your damages? Or did we simply say you failed, and therefore, as a matter of law, your damages are at zero, regardless of how the rest of the case turned out? No, in Reese versus Shell Exploration, Federal Circuit reversed denial of JOML as to damages, affirmed the court's denial of JOML as to liability, finding there was no model of substantial evidence to support damages, remands the case of the district court for determination of the damage of order. Okay. We, in that case, specifically sent it back and said, you get another chance for some reason, but that's because we changed the standard in that case, and we wanted them to have a chance under the new standard. Did we do that in this case? But it did so, because there was a R in. No, you didn't do that in this case. The court was silent. The court was silent. We simply reversed the damages award, period. And then, the Reese, Graham, and Meadley cases say the court of appeals has three possibilities. No, no, no. As three authorities. Not three requirements. Not required to do any or all of those three things. Right. But you're misreading that case. No, it says it has three authorities. It may do this, it may do that, it may do this. Depending on the facts. And here, the facts don't warrant anything other than a reversal. Well, is that true? Because I suggest- Because you had a full chance to prove your damages. None of your evidence was excluded. You haven't shown any harmful procedural rulings. And you haven't shown what evidence you would put in if there was a second trial. So why, is there any question about whether you should have a second chance to try damages all over again? But I thought we very well did that. We pointed out- Very well did what? Because what happened at trial was, this court excluded, took out our evidence of No, no evidence was included by the district judge. And no evidence was excluded here. Yes, it did. You excluded all the evidence of our damages. We didn't exclude any evidence. It's still in the record. We said it wasn't sufficient. That's not excluding evidence. That's assessing the power of evidence. No, you said that, I must suggest you disagree. You said that it was improper for the district court to admit to 1,500 series, which were summaries. And those were summaries of damages, which went to, in fact, they said you didn't prove that all of the cost to change labels were attributed. You didn't have any, and you didn't prove that the 1,500 series should be excluded because you didn't provide the underlying documents, the underlying source documents, and get the other side not to review them. And so we're taking out all this evidence. And once we take out all the evidence, you don't have any damages evidence. And in my brief, I said, we tried to put the source documents in. And the court kept delaying and delaying and delaying, and would not let us put any of the source documents in, and only allowed the summary documents after the close of trial. And we had to put on our entire damage case by closing argument. Because when I asked an individual on the record, please go through and tell us which of the damages elements were caused by them, the opposing counsel objected that the underlying records were not in, which they had objected to previously in the previous week. And I could not put it in. And that's exactly what happened. And then the other element, on the fraud element was, is that the basis of the fraud damages, which I was only able to argue, all of our damages evidence, none of it came in, because they objected to all the underlying schedules. The court delayed, admitted our summary after close of evidence, and then I had to put on the entire damage case by oral argument. And this court said, none of those boards and none of those summaries should have gone in. They also said my theory of damages as to fraud was improper. But in that very, very case that was cited, the Ninth Circuit said, which relied on the Ninth Circuit, said we remand for the purpose of allowing them to calculate damages in a proper manner. We don't take the path breaking, when Justice Ginsburg says it's path breaking, it means we give great respect to the jury's hate verdicts of clear and convincing evidence of fraud and breach of fiduciary duty. And if you have an ability to put on evidence for damages, we're not going to take it away from you. You want to say you're above the line? Oh, thank you. The only other thing, if I just might say, the district court says here, district court said a couple things. It says, he realizes a great injustice. The district court says, I realize there's a great injustice. I realize that stuff was excluded and couldn't be put in. I wasn't the trial judge. So I can't even undertake a discretion. I think that creates two classes of appellants, one that the original judge isn't elevated or whatever, and the other one. I thank the court. Thank you. We've got four minutes. Thank you so much. Mr. Burns? Good morning, Your Honor. I'm John Burns. I'm taking a two-hour rest. And I take it you know that we've divided our time. Yes, I do. Thank you. Please proceed. There are three, in my opinion, judicial facts which Design and Health ignores in making the construction of this article. First is, and you've pretty much identified it, but this first panel actually reversed the judge. And that appears on the seventh page of the appendix. We've read the opinion, and one of us wrote it. Quite familiar with precisely what it says, paragraph by paragraph. All right. The significance of another part that I wanted to mention was that you have affirmed everything else. And that is that Judge Baird's rulings, which are complained of here, have already been affirmed, for the most part. And the third thing that I think is significant. Judge Rader pointed that out. Pardon me? Judge Rader pointed that out. We're bound by what the prior panel did, all of what it did, including the listing at the end of all the separate things they affirmed. I agree with that. I just wanted to point out its importance to this article. And then Judge Cevelli, he did not, as my adversary had claimed below, limit himself to two reasons. He gave four reasons. And I assume that you have read his four reasons. But while I don't agree with his articulation of one of them, I agree with the three. And I think that they are firm reasons for a district judge and the alternative to say, if I have discretion, here is what I would rule. So he gave full guidance. And I think he was quite responsive. Is there anything inconsistent with this court upholding findings of liability, extensive findings of liability, and then grants no remedy at all? No, because these particular torts that we're talking about require damages of some element. Injury. It must be an injury. It must be an injury. And in the case of the Colorado fiduciary duty claim that's based on Colorado law, they say not only injury, but the amount of damages. And I agree with you as to fraud in the case of fraud. And I can give you a cite on that if you want it. It's a case called the Rafferty Directive. Was there a general verdict here? No. No, there was a specific verdicts, A, B, C, D, E, F, G, E, F, G. Well, I don't know what you mean by specific verdicts. There weren't special verdicts. There were special verdicts. Under the rule? Under the rule. Judge Baird presented the jury with special verdict forms. But doesn't that highlight the apparent inconsistency here, that the jury finding of injury is upheld, and yet there is no remedy there for it? I don't think the special verdict form broke it down. Was there an injury? And was there a defense? It's an element of the offense, which was upheld. It is an element of the offense. You were found to be fraudulent. I'm sorry, I didn't answer. You were found to be fraudulent, including injury. And yet there is no remedy. There is no fraud under California law, as I understand it, and under most law in the United States, unless you show that there was an injury. Now, I don't think that the jury found it. No, the jury found the damage amount. They did not find an injury exclusive of that. They were asked to find it. What's your basis of saying that? What does the jury verdict form say? I don't have it in front of me. Does it not have a question or a line to fill in with regard to liability? They had a line. There was a line filled in for liability, as I recall. So they said yes on liability. So they said yes on liability. And we said we upheld that. Yes. And the prior panel upheld that. That's correct. Then why is it, Judge Breyer, correct, that there's a big inconsistency in this thing, saying liability was proven, but no damages will be allowed? Because nothing was introduced in the evidence below to show that this is, again, because the jury found that a lot of things that this court held, there was not sufficient evidence of. And one thing that there was no sufficient evidence of was there was no showing how these acts, which were considered to be the fraud issues. If you're correct, then the prior panel should have overturned liability because there was a missing element of the claim, namely proof of injury. Well, they did not. And we're bound by whether it's right or wrong. That is correct. I agree with that. So then we get back to Judge Rader's question. If there's an affirmed ruling of liability, then how can it be that there's no relief? That is the question. That is correct. But there was no showing of any. When you go for a new trial, you normally come in and say, here's what my evidence is going to be, and allow the panel, whoever is determining whether you should have a new trial. And this is why I could not present it before. And this is what is not evident in any of these particular arguments that are made. So you have to come forward and show something that you're going to establish in order to get yourself a new trial. There was no place. And I always believed in my heart that there was an opening below, maybe to come in and say, look, I got an unfair deal. And this is why. We had this evidence that we could have produced. All the evidence was inadequate to show these elements of damage or injury. And in the case of the fiduciary duty claim, it is clearly Colorado law that you have to have both of those items. In California, the fraud is indirect. They merged them. But that was not fully proved. And we do not have any evidence, any new evidence, all we're told is there was some evidence that I wasn't allowed to present below because I didn't have these documents into evidence until after the trial had closed. But at that point, no counsel came forward and said, Judge Baird, you have now introduced these documents. I need to put in this evidence. So please reopen the case. The case had not gone to the jury. The jury had been excused. And we had a day where we were talking about what we're going to do with Judge Baird. And then we went to oral argument. But we had a whole day there where counsel could have raised that issue with Judge Baird. And he made an election not to present. So that is at least the way I address that particular argument. All right. Time has expired. No. Mr. Kemp. Thank you. Good morning, Your Honor. Can we please have the court? I'd like to begin just by pointing out one inaccuracy in what Mr. Hyman said about what the court did in the prior opinion. And I understand that you're very familiar with it. But one thing that he did say is that the court excluded all the boards in its prior decision. And that's just not true. It didn't exclude the boards. He excluded the 50,000 series. And there's a difference in that. Having said that, I'd like to turn my attention next to the question that Judge Rader posed. And that is whether there's any inconsistency in finding liability but not awarding damages or finding zero damages. And it's the first time the question's been posed to me. But I don't feel that it is an inconsistency to do that. Because there's multiple remedies for fraud if there's a liability. Damage is one among multiple remedies. Well, was an injunction or other equitable relief pressed for by the plaintiff in the trial below? None of the other remedies available for fraud were pressed by the plaintiff below. So by choice, this case became solely about money damage. It became solely about money damages by choice of the plaintiff. And he failed to prove his damages. And this court is found. And it's found by that that he got zero damages. His way of trying to get around that, Zonico's way of trying to get around the failing to show prior damages, respectively, said that what he should have done, that the court wrongfully excluded evidence. And that's not true. And there's a lot of smoke and mirrors going on here. It's not helpful to use pejorative phrases like smoke and mirrors. I apologize. I guess your point is that nothing was ordered excluded. That is my point. But it's broader than that. What designing health says is that it wanted to put in evidence, for instance, of gross sales, past gross sales of design of health, so that it could estimate through either lay or expert opinion future sales. The gross sales were already in through Robert Flett. And that's A-16. Tell it the record, appendix 1610 through 1617. And he already had in exactly what he says he needed, what he now says he needed, in order to estimate future sales. He didn't call the witness. He did not call the witness after that to testify as to future sales based upon that. Did he attempt to call a witness and have it blocked? Or did he just decline to call such a witness? There was one witness who was called who was asked a question that's incomplete. And the court said, I am reserving what I'm doing on this based upon the exhibits. And he had voluminous accounting records that he had offered prior to that. The court said, please tell me why you want those in. Identify what you want in and tell me why you want them in. So what he did after that is he identified summaries and specifically referenced Federal Rule Evidence 1006. He wanted to put in the summaries rather than the supporting documents. She then asked him to explain the relevance of those. He did. She allowed him in. He never took any affirmative steps to complain about that process. He never said, Your Honor, there's a witness that I still have that I need to ask questions of. And he never moved to reopen anything. And it seems to us that that was something that he was obligated to do. There's no point in repeating the argument that you just heard. My fault? The other point I'd like to make is, I do think that this case is one that is distinguishable from axiomically negligent liability. But I do think that in this case, it turns on the sufficiency of the evidence. And neither Engel or Axan did that. So I feel that the mandate in this case is pretty clear about what should be done. And he had to raise his issues. All of this was discussed before. With that, I'll submit. Thank you. Thank you. Mr. Hyman? Yes. Thank you for four minutes. Thank you very much. I'll make sure I have what I need. There were 13 special verdict forms, which I do share it to be yes. By clear and convincing evidence, yes. Broad, yes. Broad by clear and convincing evidence, yes. Is that in our appendix? It's in your appendix at 000991 to 001009. And of the eight, of the 11 verdicts, eight were in favor of the plaintiffs. Broad by clear and convincing evidence. Broad and broad by clear and convincing evidence. Conspiracy from it. Broad by clear and convincing evidence. Breach of fiduciary duty by clear and convincing evidence. And also denying their claims. Number two, I wanted to point out that as far as the breach of fiduciary duty evidence is concerned, we had underlined, we brought in the accountant, all the underlying documents. They objected on grounds of relevance to all of it, as I pointed out in my briefs. We then had someone start to testify as to cost to redesign labels because of their fraud. We had someone cost money paid to Google Erasmus because of their breach of fiduciary duty. Cost of reliance. And they objected, saying that the underlying documents weren't in, and therefore you couldn't testify to these documents, the 1500 series. And then the court delayed all of it. They objected, objected, objected. The court delayed. And then the court went ahead the day before, on the Friday before oral argument, which was the following Tuesday, and said, I'm letting in these summary documents. So we put on our entire damages case and closing argument when we tried to ask people to testify. They said, objection. The underlying documents aren't in. The court delayed, delayed, delayed. So if you have, and then this court goes ahead, and this court goes ahead. And I was looking at the decision very briefly. And the decision says here, here on page 18 of the brief, it says, page 18, which is the prior decision. We cannot say, it says, we cannot say the district court abuses discretion in admitting 1502, with respect to the remaining 1500 series, DH failed to identify the particular accounting documents. It offers no support. Finally, the admission was clearly prejudicial. So they take out our evidence, which was delayed by their objections. And then they say, I should have objected. I wrote three briefs, as I pointed out, over and over, of why we wanted this stuff in. And the briefs that I wrote paraphrased the decisions of this court on why the evidence was not allowed. I write a brief by saying, I need the underlying documents to put a summary. And then it's delayed, and it's not admitted. And then this court says, you didn't get the underlying documents in, because, and therefore, the summaries are no good. And I go to Howe Media. I think the Ninth Circuit would send it back for a trial. Because if the court made a mistake, and the court allowed me to put in the evidence at the end, and I should have gone ahead and done this, how am I, with 28 issues raised by appellees as to error, and 28,000 words, supposed to anticipate every single possible alternative JNOV, and claim I should have had a new trial on this one, I should have had a new trial on that one. Your time has expired. Thank you. Thank you. All counsel will take the appeal. Thanks very much. I thank you for the first time.